IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| SAMMY DELAO SILVAS, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:18-CV-71-Z |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## TO DENY PETITION FOR A WRIT OF HABEAS CORPUS

Petitioner has filed with this Court a *Petition for a Writ of Habeas Corpus by a Person in State Custody* challenging a state prison disciplinary ruling pursuant to which he avers he lost "16 mths" previously earned good-time days. [ECF 3]. Petitioner appears to assert respondent did not have "jurisdiction" to charge him with the prison disciplinary offense of assault or to impose prison disciplinary sanctions for said offense. Petitioner appears to argue respondent, instead, was required to present the circumstances of his assaultive conduct while incarcerated in the state penitentiary to the county district attorney for criminal prosecution, thereby invoking greater Constitutional protections for petitioner despite exposing him to an additional consecutive penological sentence.

In order to challenge the constitutionality of a state prison disciplinary adjudication by way of a federal petition for a writ of habeas corpus, a petitioner must, at a minimum, be eligible for mandatory supervised release **and** have received a punishment sanction that included forfeiture of

previously accrued good-time credits. *See Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir. 2000). As petitioner cannot meet both prerequisites, his federal habeas corpus application must be denied.

Review of the online Offender Information Detail maintained by respondent reveals petitioner's following offense and conviction history:

| | | |
|---|---|---|
| 10-6-04 | Robbery (4-21-04 offense) | Ector County |
| 6-15-11 | Aggravated Assault with a Deadly Weapon (10-4-09 offense) | Ector County |
| 2-3-14 | Robbery (8-7-13 offense) | Ector County |
| 2-3-14 | Aggravated Kidnapping (8-7-13 offense) | Ector County |
| 2-3-14 | Aggravated Sexual Assault (8-7-13 offense) | Ector County |

*See State v. Silvas*, Nos. 31,809; A-37,468; D-42,923; D-42,924; D-42,925. The mandatory supervision eligibility statutes in effect when petitioner committed his offenses on April 21, 2004, October 4, 2009 and August 7, 2013 stated, "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of" various offenses under the Texas Penal Code (TPC), *viz*., a second degree felony for robbery under TPC § 29.02, Texas Gov't Code §§ 508.149(a)(11) (2004 & 2013); a first or second degree felony for aggravated assault under TPC § 22.02, Texas Gov't Code § 508.149(a)(7) (2009); a first degree or second degree felony for aggravated kidnapping under TPC § 20.04, and a first degree felony for aggravated sexual assault under TPC § 22.021, Texas Gov't Code §§508.149(a)(4), (a)(8) (2013). Petitioner clearly is not eligible for release to mandatory supervision as a result of his underlying criminal offense convictions.

Although petitioner averred there had been no judicial findings that he had used or exhibited a deadly weapon during the commission of his offenses [ECF 1 at 5], the Detail reveals petitioner's June 15, 2011 conviction for aggravated assault with a deadly weapon. The mandatory supervision

eligibility statute in effect when petitioner committed his aggravated assault with a deadly weapon offense stated "[a]n inmate may not be released to mandatory supervision if the inmate is serving a sentence for or has been previously convicted of . . . an offense for which the judgment contains an affirmative [deadly weapon] finding." Tex. Gov't Code § 508.149(a)(1) (2011). Despite all of the above convictions, petitioner avers in response to Question 16 of his form habeas application that he is eligible for release to mandatory supervision. [ECF 1 at 5]. Petitioner clearly is not eligible for release to mandatory supervision as a result of the deadly weapon finding made with regard to his underlying aggravated assault conviction.

As petitioner is not eligible for mandatory supervised release, he may not challenge a prison disciplinary proceeding by way of a federal petition for a writ of habeas corpus. *See Malchi*, 211 F.3d at 958. Petitioner's habeas application must be DENIED.

## RECOMMENDATION

It is the RECOMMENDATION of the undersigned United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner SAMMY DELAO be DENIED.

## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED April 1, 2020.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## \* NOTICE OF RIGHT TO OBJECT \*

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).